## JAMES W. JONES *vs.* T. ALBERT SKINNER ET AL.

### *Qualification of Voters—Residence.*

A man who has once acquired a residence and a right to vote in a leg-
islative district or ward, retains the right to vote there, after ceasing
to reside in that district or ward, until he shall have acquired a resi-
dence elsewhere.

If a man is a resident of and a legal voter in one place, the mere fact
that he is improperly allowed to vote in another place does not dis-
qualify him from afterwards voting at the place of his actual resi-
dence.

Appeal from an order of the Superior Court of Baltimore
City (DOBLER, J.)

The cause was argued before McSHERRY, C. J., BRYAN,
FOWLER, BRISCOE, PAGE, ROBERTS, BOYD and PEARCE, JJ.
(Jan. 27, 1898).

*George Weems Williams,* for the appellant.

*Harry W. Henderson,* for the petitioner Perry, appellee.

*John C. Rose* filed a brief for the Board of Registry, ap-
pellees.

BRISCOE, J., delivered the opinion of the Court.

The material facts of this case are almost identical with
the case of *Wallace Howard* v. *T. Albert Skinner and others,*
decided at this term of Court, *ante,* p. 556, except in one
particular, which will be briefly stated in this opinion.

The appellant, Jones, testified that he moved to Baltimore
City from St. Mary's County about seven years ago, and
considers Baltimore his home ; that he was employed by the
Weems Steamboat Company as purser of the Steamer Sue ;
that he first resided on Lexington street, near Gilmor (19th
Ward, 2nd Legislative District) ; he then moved to 403 N.
Paca street (10th Ward, 2nd Legislative District), and from
there he moved to the Steamer Sue (Pier No. 9 Light

Street Wharf, the Third Legislative District), where he has been for two years, except the period of two months of the winter of 1896, when he resided at 416 W. Fayette street (10th Ward, 2nd Legislative District); that he had never voted anywhere else except in the city of Baltimore, where he had voted four times, the first time he voted from Lexington street and then twice from Paca street, and that he was now registered from the Steamer Sue, Pier 9, Light Street Wharf (Third Legislative District), and had voted at the previous election from there. He further testified that the steamer remained in Baltimore only two days in each week; that Baltimore is the home port of the steamer; that the schedule of the steamer was as follows: Leave Baltimore on Saturday at 5 P. M. for Washington; remaining at the terminus in that city from 8 to 16 hours and returning to Baltimore on the following Wednesday. Leave Baltimore on Wednesday night at 9 P. M. for the Patuxent River, arriving in Baltimore again on Saturday morning.

Now it is conceded that the appellant possessed all the qualifications of a legal voter except that of residence, and there can be no question, it seems to us, that he has also acquired a legal residence in the city of Baltimore, but not in the Third Legislative District of that city, as claimed by him. The fact that he resided upon the Steamer Sue, while tied to its wharf or pier, does not, as held by this Court in the recent case of *Wallace Howard* v. *C. Albert Skinner and others*, fix or establish a voting residence. Nor does the fact that the appellant was improperly and erroneously registered and voted at a prior election, in this district, change or determine his residence. The sole ground relied upon by the appellant to establish residence, on the prior registration, was the fact that he resided upon the steamer while tied up in the district where he proposed to register, and this we have distinctly held, is not sufficient to constitute a voting residence.

If a person is clearly a resident of and legal voter in one place and is improperly and illegally permitted to vote at

another, that fact alone will not disqualify him from continuing to vote at the place of his actual residence. *Lincoln* v. *Hapgood*, 11 Mass. 350. The appellant did not acquire then such a residence in the First Precinct of the 15th Ward of the Third Legislative District, as entitled him to be registered there, but having acquired a residence in the city of Baltimore, he is entitled to be registered and to vote in the ward of the Legislative District from which he removed, until he has acquired a residence elsewhere. For these reasons, the order of the Court will be affirmed.