ANDREW KINEHART, COLLECTOR, *vs.* BEALE R. HOWARD AND GRACE A. HOWARD, HIS WIFE.

*Taxation of Ward's Property in Possession of Foreign Guardian.*

The personal property of a ward in the possession of a guardian appointed and residing in a foreign jurisdiction is not taxable in this State, although the ward's husband may have a residence in this State.

Appeal from the Circuit Court for Harford County (WATTERS, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and BOND, JJ.

*Wm. H. Harlan,* for the appellant.

The admitted facts clearly show that Beale R. Howard was, at the time the assessment of 1896 was made and at the time of the levy of 1897, a citizen of the State of Maryland and a resident of the Fourth Election District of Harford County. *Green* v. *Green,* 11 Pickering, 415; *Cochran* v. *Boston,* 4 Allen, 177; *Thayer* v. *Boston,* 124 Mass. 132; *State* v. *Ross,* 3 Zabr. 517. The wife's domicile follows that of the husband, and that therefore Mrs. Howard was a resident of Harford County and liable to assessment. *Green* v. *Green,* 11 Pickering, 409; *Amer. & Eng. Ency.* vol. 5, page 868; *Pennsylvania* v. *Ravenal,* 21 Howard, 694; *Stewart on Husband and Wife,* sec. 29; *Stewart & Carey on Husband and Wife,* 121.

The Legislature has in the plainest terms declared its in-

tention to subject to taxation a new class of property, and unless it has transcended the limits of its constitutional authority, the Courts cannot interfere. *Cooley on Taxation*, 2nd ed., 5 ; *Desty on Taxation*, secs. 23 and 24. The wording of the Act is : "All personal property in which any resident of this State has an equitable interest with the legal title in a non-resident." And it must be held to include property in the hands of trustees, executors, and guardians, unless these classes of property are exempted by the Act. *Bonaparte* v. *State*, 63 Md. 474. The fact that the property is liable to taxation in Washington City is no valid reason against the existence of the power in the State of Maryland to tax it. *Appeal Tax Court* v. *Gill*, 50 Md. 396.

*Thos. H. Robinson* (with whom was *Gilbert S. Hawkins*, on the brief), for the appellee .

The obligation to pay the tax falls upon the holder of the legal title. *Mayor, &c.*, v. *Sterling and Ridgely*, 29 Md. 48 ; *Appeal Tax Court* v. *Gill*, 50 Md. 396 ; *Bonaparte* v. *The State*, 63 Md. 473 ; *Baldwin* v. *Washington County*, 85 Md. 145.

Property held in trust shall be assessed to the trustee where he resides, except where the trustee is under the direction of Court, in which case it would be taxable in the jurisdiction having control of it. *Cooley on Taxation*, page 271 ; *Latrobe* v. *Mayor, &c.*, 19 Md. 13 ; *Mayor, &c.*, v. *Sterling and Ridgely*, 29 Md. 48 ; *Appeal Tax Court* v. *Gill*, 50 Md. 396. The property in question was not in the State of Maryland, but permanently located in the city of Washington. The defendant is a *bona fide* resident of the city of Washington, where she had lived all her life and where her home was at the date of this assessment, in which she and her husband spent at least nine months in each year, and the only theory upon which they are trying to bring her within the provisions of the tax law of Harford County as a legal resident of this county, is because her husband's name, at the date of this assessment, had not been stricken

from the list of registered voters in the Fourth Election District of Harford County.

BRISCOE, J., delivered the opinion of the Court.

This is a suit brought in the Circuit Court for Harford County, by the appellant, Andrew Kinehart, Collector of State and County Taxes for the Fourth Election District of Harford County, to recover certain taxes levied and assessed for the year 1897, upon the property of the appellee, Grace Adams Howard.

The case was submitted to the Court below upon an agreed statement of facts, and from a judgment in favor of the defendants this appeal has been taken. It appears from the agreed statement of facts, that the appellee, Grace Howard, was assessed by the assessors of Harford County under the assessment law of 1896, as the owner of stocks and bonds to the amount of $82,032; that these stocks and bonds were located in the city of Washington, and at the time of the assessment the property stood in the name of Francis A. Richardson, of Washington City, guardian of the appellee; that the property was acquired from George W. and Jane L. Adams, father and mother of the appellee, who were residents of the city of Washington and where their estates were administered; that the assessors of Harford County went to Washington and made the assessment of this property from an inspection of the records in the office of the Register of Wills of that city, and that no part of the property ever stood in the name of the appellee; that this property was taxed in Washington City and the tax paid on it in that city in the year 1897.

It is further admitted, that the appellee was born and raised in Washington City, and always resided there until her marriage sometime prior to the year 1896. After her marriage she and her husband, Beale R. Howard, resided three-fourths of each year in Washington City, and the residue of the time in the Fourth Election District of Harford County; that the appellee owned no property except what

she had acquired from her father and mother, and this was located in the city of Washington at the date of the assessment.

The sole question, then, for our consideration, is whether the property which is assessed in the name of the appellee is liable to assessment in Harford County.

It is contended upon the part of the appellant that this property is properly taxable in Harford County, under the terms and provisions of Section 2, Chapter 120 of the Acts of 1896, which provides that all personal property in which any resident of this State has an equitable interest with the legal title to the same in some other person or corporation who is a non-resident, shall be valued and assessed for the purposes of State, county and municipal taxation to the equitable owner thereof in the county or city in which he, she or it resides, and such equitable owner or owners shall pay the taxes thereon.

Now, it is well settled, "that the personal property of residents of this State shall be subject to taxation in the county or city where the resident *bona fide* resides for the greater part of the year for which the tax may or shall be levied, and not elsewhere, except goods and chattels permanently located, which shall be taxed in the city or county where they are so located." *Section 51, of Article 3, of the Constitution.* In *Bonaparte* v. *The State*, 63 Md. 472, this Court said, " that being a resident of Baltimore County, he was taxable there and nowhere else, by reason of the legal title to this intangible property being in him. That he held such legal title is true, but he held it in the special character of an officer of the law for the specific and temporary purpose of the administration of the property under the supervision and direction of the Court from which he received letters testamentary. The domicile of a testator when living determines the *situs* of his personal property of an intangible nature, not permanently located elsewhere, for the purposes of taxation, and his place of domicile at the time of his death determines the place of administering his estate. The

*situs* of the personal property, generally speaking, and the residence of the administrator for the purposes of administration, place them in legal contemplation in the city or county of the Court exercising jurisdiction.   The personal property, therefore, of an intangible nature, not permanently located elsewhere, such as bonds and stocks, must be deemed to remain within the jurisdiction of the Court pending the settlement of the estate, and be there liable to taxation." And in the recent case of *Baldwin* v. *The County Commissioners of Washington County*, 85 Md. 158, it was held, that the *situs* for taxation of property in the hands of a guardian is where he was appointed and not where he resided, and that the personal estate of the ward is where the guardian is appointed and not where the guardian or ward may be.

Washington City being the domicile of George W. Adams and Jane L. Adams, the father and mother of the appellee, it is quite clear that the Orphans' Court of that city had jurisdiction to grant letters of administration on their estate. And as the appellee, Grace Howard, was a resident of that city at the time of their death, it was the only Court that could have appointed a guardian for her.

The guardian in this case being a resident of Washington City, and the property also located there, there can be no doubt that the *situs* for taxation is that city.

Nor do we think, under the facts of this case, that the appellees, Grace Adams Howard, and Beale R. Howard, were residents of Harford County at the time of the assessment of the property set forth in the statement of facts. They both resided in the city of Washington, where, it is conceded, they spent three-fourths of each year, and only one-fourth of the year in Harford County.   *Thomas* v. *Warner*, 83 Md. 15.   The sole fact that his name appeared upon the registration books and he voted in Harford County at the November election, 1897, does not of itself determine his residence.   *Jones* v. *Skinner*, 87 Md. 561 ; *Lincoln* v. *Hapgood*, 11 Mass. 350.   The facts of the case do not bring it within the terms of Chapter 120 of the Acts of 1896,

relied upon by the appellant. The object of the Act of 1896 was to tax personal property in which residents of the State had an equitable interest with the legal title in some other person.

We are of opinion, then, that the property of the appellees, in this case, is not liable to assessment, and, for the reasons we have given, the judgment will be affirmed.

*Judgment affirmed with costs.*

