## EDWIN NICODEMUS et al. *vs.* D. FRANK HULL, Collector.

*Illegal Assessment for Taxation of Property Against an Administrator Who had Made Distribution—Injunction.*

An administrator distributed the estate in his hands under an account passed in the year 1892 in the Orphans' Court of the county granting administration. This account transferred a part of the estate to the administrator as trustee, appointed by the parties in interest, who invested the same in mortgages in another State, where he resided. The Register of Wills of the said county reported the property so distributed as liable to taxation in the year 1895, and taxes were assessed against the administrator thereon. *Held,* that the assessment was void, since there was then no property remaining in the hands of the administrator, and the enforcement of the assessment by an action on his bond should be enjoined.

Appeal from a decree of the Circuit Court for Washington County (STAKE, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Alexander Neill,* for the appellants.

*Wm. Kealhofer,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The bill in this case was filed on the 27th of January, 1900, in the Circuit Court for Washington County by the appellants, Edwin Nicodemus, administrator, and John L. Nicodemus and Ashby P. Conner, sureties on his bond, for an injunction to restrain the appellee, D. Frank Hull, Collector of State and County taxes of Washington County, for years 1892, 1893, 1894 and 1895, from enforcing the collection of certain taxes claimed to be due by the appellant, Edwin Nicodemus, as administrator of Evaline C. Nicodemus, and from the further prosecution of an action at law against the sureties on the bond for their collection.

The case was heard in the Court below upon bill, answer and an agreed statement of facts, and from an order of the Court passed on the 26th of December, 1900, dismissing the bill this appeal has been taken. The questions presented by the record relate first to the jurisdiction of the Court to entertain the bill under the facts of the case, and secondly, whether the property is liable to taxation as claimed by the appellee.

The law has been well settled in this State since the case of the *County Commissioners of Allegany County* v. *Union Mining Company*, 61 Md. 545, that a Court of equity will not restrain the collection of taxes for mere "irregularities in the proceedings or for any hardship that may result from their collection." But it is at the same time clearly stated in that case, that "when the tax itself is illegal or the tribunal imposing it has exceeded its powers or the rights of the taxpayers have been violated, the interposition of the special remedy by injunction can be successfully invoked, where no appellate tribunal has been created with power to remedy the wrong." Now it appears from the record and the agreed statement of facts filed in the case, that Mrs. Evaline C. Nicodemus, of Washington County, departed this life sometime in the year 1891, leaving a certain paper written by herself, and which she intended as a last will and testament, and which was found to be invalid and defective, because it was not witnessed by two witnesses, as required by law. Subsequently, John L. Nicodemus, the surviving husband and the four children of Mrs. Nicodemus, all being over the age of twenty-one years, and desiring that her property should be disposed of, as far as practicable, according to her intention as expressed in the paper intended by her as a will agreed by an instrument in writing, dated on the first day of July, 1891, how and in what manner, the testatrix's estate should be distributed by the Orphans' Court of Washington County, and subject to the consent and approval of that Court. On the 14th of July, 1891, under this agreement Edwin Nicodemus was duly appointed administrator of the estate, and gave bond with the appellants, John L. Nicodemus and Ashby P. Conner, as sureties. On the 19th of August, 1892,

an account was passed in the Orphans' Court whereby the ad-
ministrator distributed all the assets of the estate, except the
sum of $767.67, and this last-named sum was afterwards dis-
tributed by an account passed on the 20th of September, 1895.
Both of these accounts were approved and duly ratified by
the Orphans' Court of Washington County.

It further appears that the Register of Wills of Washington
County in his annual return of property liable for taxation for
the year 1895, returned the sum of $16,426, as being in the
hands of the administrator, subject and liable to taxation, and
that the County Commissioners assessed and taxed the same
for the year 1895.

The primary question for determination then, and the one
upon which the decision of this case must turn, is whether the
property herein mentioned was liable to taxation in Washing-
ton County for the year 1895, the date of the levy and assess-
ment in this case.   There can be no controversy at this late
date, and especially since the decision of this Court in the
cases of *Bonaparte* v. *State*, 63 Md. 472; *Baldwin* v. *The
County Commissioners*, 85 Md. 158, and *Kinehart* v. *Howard*,
90 Md. 4, as to the law in this State, upon the subject of the
taxation of personal property, and its situs for taxation in the
hands of an administrator or guardian.   In those cases, it is
distinctly held that the domicil of a testator when living de-
termines the situs of his personal property for the purposes
of taxation, and his place of domicil at the time of his death
determines the place of administering the estate, and that the
situs for taxation of property in the hands of an administra-
tor or guardian, is where they are appointed and not where
they reside.

In the case before us, it appears from the agreed statement
of facts that Edwin Nicodemus, the administrator, distributed
by his first account, passed and approved by the Orphans'
Court on the 19th day of August, 1892, the whole of the per-
sonal estate, except the sum of $767, and the same was in-
vested by him in his name, as trustee, in mortgages on real
estate in the State of Iowa, where he resided.   It is evident

then that at the time of the levy and assessment of the property in this case for taxes, that the fund had been distributed, and that therefore, there were no funds in the hands of the administrator liable to taxation except the sum of $767, which was distributed in the second account, in the year 1895, and the taxes on which, it is admitted have been tendered and are not here in dispute.

· It is also evident that the return made to the County Commissioners by the Register of Wills, was manifestly an error, because according to the records of the Orphans' Court, only the sum of $767 appeared to have been in the hands of the administrator and not distributed at the time of his return. The Register is required by law to return to the County Commissioners only a summary account of all property that shall appear by the records of the Orphans' Courts to be in the hands of each executor and administrator. Art. 81, sec. 9 of the Code. In the case of *Siechrist* v. *Bose*, 87 Md. 297, this Court said, that when the investment was made and the allowance therefor had passed the Court the estate so far as this fund was concerned was fully administered and all rights of the executors over it terminated and the executors became discharged from all further liability.

We are of the opinion then that as the administrator in this case distributed the estate in compliance with the order of the Orphans' Court, before the levy and assessment was made, that the tax imposed was illegal and void and that the County Commissioners of Washington County exceeded its powers in imposing the tax.

For these reasons the order of the Circuit Court for Washington County passed on the 26th of December, 1900, dismissing the plaintiff's bill of complaint will be reversed, and the case remanded that a decree may be passed granting an injunction as prayed, the plaintiffs first paying the taxes tendered in their bill.

*Decree reversed with costs and cause remanded.*

(Decided May 2nd, 1901.)