## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

STOCKHOLDERS OF BANK OF ABINGDON V. SUPERVISORS OF
WASHINGTON COUNTY.

July 16th, 1891.

BANK STOCK—*Taxation—Residence of stockholders.*—Under Acts 1883–'84, p. 568, § 17, the state, without regard to the residence of stockholders, levies for state purposes a tax on the assessed value of their shares of stock as it does upon other moneyed capital. And Code 1887, § 833, requires the supervisors of each county to levy for county purposes annually, and to order the levy on all property assessed with state taxes.

Appeal from decree of circuit court of Washington county, rendered May 14th, 1889, in a cause wherein Ernest Middleton and others, stockholders of the Bank of Abingdon, were complainants, and the board of supervisors of said county and S. M. Withers, treasurer of said county, were defendants. Opinion states the case.

*Fulkerson, Page & Hurt,* for appellants.

*White & Buchanan,* for appellees.

FAUNTLEROY, J., delivered the opinion of the court.

The appellants, Ernest Middleton and others—some of whom are residents and others of whom are non-residents of Virginia—stockholders in the Bank of Abingdon in Washington

county, Virginia, in January, 1889, filed their bill in chancery in the circuit court of Washington county against the board of supervisors of said county and Salmon M. Withers, treasurer of said county, praying for an injunction to restrain the collection of a certain county levy made by the said board of supervisors against the appellants as stockholders in the Bank of Abingdon, upon their respective shares of stock in the said bank, the collection of which the said Withers, treasurer as aforesaid, was then seeking to enforce.

An injunction was granted January 5th, 1889, according to the prayer of the bill, and at the May term, 1889, a decree was entered dissolving the said injunction.

The only question presented by this appeal was whether a county in this State has the right to levy and collect a tax for county purposes upon the shares of stock of a bank located in the county.

The state, without regard to the residence of the stockholders, levies, for state purposes, a tax on the assessed market value of their shares of stock as it does upon other moneyed capital. Acts 1883–'4, section 17, p. 568. This assessment is directed to be made annually in the month of May by each commissioner of the revenue on the shares of stock in each bank or banking association in his district, and to be reported to the auditor of public accounts, and the tax so assessed is required to be paid by the cashier of each bank to the auditor of public accounts on or before the 1st of June following. The board of supervisors of each county is required to fix the amount of the county levy, for county purposes, annually, and to order the levy "on all property assessed with state taxes within the county." Code of 1887, § 833. The assessment on the shares of stock of the appellants in the said Bank of Abingdon for taxation for state purposes was made by the commissioner of the revenue for the district in which the said bank is situated; and a copy of the said assessment was furnished by the said commissioner of the revenue to the

treasurer of Washington county; and according to the said assessment upon the said shares of stock for state taxes, the board of supervisors made the levy of a tax for county purposes upon the assessed market value of the said shares of stock, as prescribed by the statute.

The said shares of stock were duly and regularly assessed for state taxes, and that assessment was made within the county by the commissioner of the revenue of the county in which the bank is located.

The right of the board of supervisors of Washington county to levy the tax complained of is palpable and unquestionable. At common law the *situs* of the stock for purposes of taxation is with the stockholders, and not with the bank; but by the statute of the state, no matter where the stockholders live, is assessed and taxed in the county and district where the bank is located. (Acts 1883–'4, section 17, p. 568.) Chief-Justice Waite, in the case of *Tappan v. Merchants National Bank*, 19 Wall, 490, says: "The state, therefore, in which a *national* bank is situated has jurisdiction, for the purposes of taxation, of all the shareholders of the bank, both resident and non-resident, and of all its shares, and may legislate accordingly."

If a state may do this as to stock and stockholders created by the Congress of the United States, *a fortiori* it may legislate (as it has done) to authorize a county to levy a tax for county purposes upon the shares of stock of a bank located within the county where the property is protected by the county.

The decree of the circuit court of Washington county appealed from is clearly right, and the judgment of this court is to affirm it.

LACY, J., and HINTON, J., *dissented.*

DECREE AFFIRMED.