## Richmond.

UNION BANK OF RICHMOND *v.* CITY OF RICHMOND.

### February 11, 1897.

1. BANK STOCK—*How shares taxed—Non-taxable capital—Power of city of Richmond to tax.*—The city of Richmond, having under its charter a general power of taxation, may levy a tax for local purposes on the shares of stock of a bank located in the city, and in estimating the value of such shares need not deduct any portion of the capital of the bank exempt from taxation. The shares of stock are distinct and different from the capital of the bank. The shares may be taxed though the capital itself be invested in non-taxable securities. And the officers of the bank may be required, under the provisions of Acts 1883-'84, page 568, section 17, to pay the tax on the shares so assessed. In no other way can the shares of non-residents, shareholders, be reached.. This provision of the act does not render the tax a tax on the capital of the bank.

2. BANK STOCK—*Situs for taxation—Pleading—Amendments.*—The situs of bank stock for the purpose of taxation is, under the provisions of Acts 1883-'84, page 568, section 7, the place where the bank is located, and it is immaterial where the stockholder resides. Hence it is not error to refuse to allow amendments to the pleadings merely averring the non-residence of a certain number of the stockholders.

3. COURT OF APPEALS—*Errors not brought to attention of trial court.*—Alleged errors which are outside of the pleadings and do not appear ever to have been brought to the attention of the trial court, will not be considered, on error or appeal, in the Court of Appeals.

Error to a judgment of the Circuit Court of the city of Richmond, rendered April 15, 1895, in an action of trespass on the case wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Affirmed.*

The opinion states the case.

*Williams & Boulware*, for the plaintiff in error.

*C. V. Meredith*, for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action was brought by the Union Bank of Richmond to recover back taxes paid by it to the city of Richmond.

The declaration avers that the plaintiff was compelled to pay to the defendant against its protest $6,153, claimed by the city as a legal tax upon 4,395 shares of plaintiff's capital stock assessed thereon at the market value of $100 per share, making an aggregate assessment upon said shares of $439,500; that both the assessment and collection of this tax was illegal because the value of the shares of stock was constituted to the extent of $319,021 of property upon which the tax had already been paid to the city, or was exempt from taxation; that the ordinance under which the tax was collected was repugnant to the Constitution of the State, and that so much of the tax as was based upon the $319,021 was illegally exacted from the plaintiff, and that the defendant is legally bound to return the same, to-wit, the sum of $4,466.29, with interest thereon from June 29, 1889.

The plaintiff only seeks to recover back $4,466.29 of the tax paid by it, and the only question raised by the pleading is whether that amount of the tax was illegally assessed and collected, because to that extent it was imposed upon $319,021 of the bank's capital that ought to have been deducted from the market value of the shares of stock before the assessment was made.

The answer to this question is found in the fact that the tax here assessed and collected was not imposed upon the capital of the bank, but upon the shares of stock issued· by the bank, and hence the bank has no right to deduct its capital from the stockholders' capital in order to ascertain what the stockholders must pay taxes upon.

The charter of the defendant confers the general power of taxation except only as it may be limited by the laws of the State and of the United States, and its ordinance providing for this tax upon shares of bank stock is in conformity with the statute which provides for an assessment in similar cases for State purposes. The statute, Acts 1883-4, p. 568, section 17, expressly provides that no tax shall be assessed upon the capital of any bank or banking association organized under‘ the authority of the State, but that the stockholders in such banks or banking association shall be assessed and taxed on the market value of their shares of stock therein at the same rate as is assessed upon other moneyed capital in the hands of individuals residing in the State, and requires each of such banks or banking associations to pay into the treasury of the State the tax imposed upon such shares.

The contention that this is in effect a tax upon the capital of the bank is not new. The same question has been repeatedly before the Supreme Court of the United States, and decided adversely to the plaintiff's view.

In *First National Bank* v. *Commonwealth, &c.*, 9 Wall 353, 359, the distinction was very fully stated in the following language: "It has been established as the law governing this court that the property or interest of a stockholder in an incorporated bank, commonly called a share, the shares in the aggregate totality being called sometimes the capital stock of the bank, is a different thing from the moneyed capital of the bank held and owned by the corporation. This capital may consist of cash, or of bills and notes discounted, or of real estate combined with these. The whole of it may be invested in bonds of the government, or in bonds of the State, or in bonds or mortgages In whatever it may be invested it is owned by the bank as a corporate entity, and not by the stockholders. A tax upon this capital is a tax upon the bank, and we have held that when that capital was invested in the securities of the government it could not be taxed, nor could the corporation be taxed as the owner of such securities.

"On the other hand we have held that the shareholders or stockholders, by which is meant the same thing, may be taxed by the States on stock or shares so held by them, although all the capital of the bank be invested in Federal securities, provided the taxation does not violate the rule prescribed by the act of 1864."

See *Van Allen* v. *Assessors*, 3 Wall. 573, 583; *People, &c.*, v. *Commissioners, &c.*, 4 Wall. 255; *Mercantile Bank* v. *New York*, 121 U. S. 138.

It is urged that because the law requires this tax on the shares of stockholders to be paid by the officers of the bank, it is therefore to be deemed a tax on the capital of the bank. This position is not tenable.   In the case of shareholders not residing in the State this is the only mode in which the State can reach their shares for taxation.  *National Bank* v. *Commonwealth, supra.*

The record shows that the tax here complained of was assessed by the city of Richmond upon the shares of stock issued by the plaintiff bank, and not upon its capital. This being so, there is no ground for the contention that any part of the capital of the bank should have been deducted from the aggregate market value of such shares.

The refusal of the court to allow the declaration to be amended is assigned as error.

The amendment proposed was an additional averment that the assessment embraced 2018 shares of stock owned by persons who did not at the time of the assessment, or at the time of the payment of the tax, or at any time during the year 1889, reside in the city of Richmond, and that their stock could not be legally taxed by the city. This amendment presents no cause of action.   Under the statute (Acts 1883-4, p. 568, sec. 17), the situs of bank stock for the purposes of taxation is where the bank is located, and it is immaterial where the stockholder resides.  *Stockholders Bank of Abington* v. *Supervisors Washington Co.*, 88 Va. 293.   If the

plaintiff had proved all that is averred in the proposed amendment it would have availed nothing, and was therefore properly refused.

Other grounds of objection to the tax have been assigned in the petition, and in argument. They are, however, outside of the case made by the pleadings, and there is nothing in the record to show that they were ever brought to the attention of the court below. We can only consider such alleged errors as are involved in the record, and have been considered and passed on by the court below. *National Bank* v. *Commonwealth, supra.*

The defendant has insisted that inasmuch as this is a tax against the stockholders, the bank has no right to maintain this action; and further, that the payment of the tax being voluntary, cannot be recovered back. In disposing of the case made by the pleadings upon its merits, it is not to be understood that these questions were considered.

There is no error in the judgment complained of, and it is affirmed.

*Affirmed.*