[No. 3030.   Decided November 11, 1898.]

Scandinavian-American Bank, *Appellant,* v. Pierce County *et al., Respondents.*

TAXATION — BANK STOCK — SHARES OF NON—RESIDENT OWNERS.

The shares of  non-resident stockholders in a bank incorporated under the laws of this state and doing business in the state are subject to taxation here for state, county and municipal purposes, under Laws 1893, p. 323, which provides in § 1 that all real and personal property in the state shall be subject to assessment and taxation, and in § 21, that all the shares

of stock in banks, existing by authority of the United States or of the state and located within the state shall be assessed to the owners thereof in the cities or towns where such banks are located.

Appeal from Superior Court, Pierce County.—Hon. JAMES A. WILLIAMSON, Judge. Affirmed.

*Fenley Bryan,* and *William H. Pratt,* for appellant:

Shares of stock are the personal property of the owners thereof. They are intangible, personal property, and their *situs* for the purpose of taxation is the residence of the owner. Angell & Ames, Corporations, § 458; Cooley, Taxation, p. 23; Desty, Taxation, p. 322; *Howell v. Cassopolis,* 35 Mich. 471; *Bradley v. Bauder,* 36 Ohio St. 33 (38 Am. Rep. 547); *Evansville v. Hall,* 14 Ind. 27; State Tax on Foreign Held. Bonds, 15 Wall. 300 (21 L. ed. 179); *State v. Ross,* 23 N. J. Law, 517.

Section 21, Laws 1893, p. 323, does not declare that all the shares of stock in banks shall be *taxed,* but that they shall be *assessed.* An assessment consists of the two processes of listing the persons, property, etc., to be taxed, and of establishing the sums which are to be the guide in apportionment of the tax between them. Cooley, Taxation, 237; *Seattle v. Yesler,* 1 Wash. T. 572; *People v. Weaver,* 100 U. S. 539 (25 L. ed. 705); *Geren v. Gruber,* 26 La. An. 694; *Wells v. Smyth,* 55 Pa. St. 159.

*A. R. Titlow,* Prosecuting Attorney, for respondents:

Has a state the authority to fix the *situs* of stocks of a local bank owned by a non-resident, for purposes of taxation, at the *situs* of the bank? We think the sovereignty creating such corporation has the right. Cook, Stockholders (3d ed.), § 566; Story, Conflict of Laws, §§ 18, 19, 550; *People ex rel. Hoyt v. Commissioners of Taxes,* 23 N. Y. 224.

The opinion of the court was delivered by

DUNBAR, J.—The appellant sought to restrain the treasurer of Pierce county from seizing and selling its property in satisfaction of taxes levied upon shares of its stock for the years 1895 and 1896. Two causes of action are stated separately for each of said years. The complaint, in brief, is to the effect that the plaintiff is a banking corporation organized under the laws of this state; that its capital stock consisted of 1,000 shares of the par value of $100 per share; that, at the time that the statement of the cashier of the bank was delivered to the county assessor, as required by law, 825 of said shares were owned by persons who were, and still are, non-residents of this state. This was upon the assessment in 1895, and when the statement for the year 1896 was made 875 of said shares were owned by non-residents. That an assessment was made upon all of said shares thus owned by non-residents, as well as those owned by residents, for each of said years, and that all of said shares were assessed and taxed for the years 1895 and 1896 in the states where the owners thereof reside, and that such shares' taxes have been paid; that appellant has tendered the county treasurer the full amount due for taxes levied upon the stock owned by residents of this state, and that it now is, and at all times has been, ready, willing and able to pay that amount. The other allegations of the complaint are immaterial, so far as the discussion of this question is concerned.

A demurrer was interposed, stating seven different grounds, but with the view we entertain of the seventh ground, viz., that the complaint does not state facts sufficient to constitute a cause of action, a discussion of the other six grounds is rendered unnecessary. The question for decision under this ground of the demurrer is, can the shares of non-resident stockholders in a bank organized

under the laws of this state and doing business in this state be taxed in this state for general, state, county and municipal purposes? It is conceded by the appellant that the weight of authority is to the effect that the legislature has power to change the *situs* of stocks of non-residents and bring them within their own jurisdiction for taxation; but it is insisted that the legislature of this state has not attempted to do this. Section 1 of ch. 124, p. 323, which is the revenue law of 1893, and which is the law governing this case (as the same sections were incorporated in the law of 1895), provides:

" That all real and personal property now existing, or that shall be hereafter created or brought into this state, shall be subject to assessment and taxation for the support of the state government, and for county, school, municipal or such other purposes as shall be designated by law, upon equalized valuations thereof, fixed with reference thereto on the first day of April at 12 o'clock, meridian, in each and every year in which the same shall be listed, except such property as shall be expressly exempted therefrom by the provisions of law."

Section 21 of the same act provides that

"All the shares of stock in banks, whether of issue or not, existing by authority of the United States or of the state, and located within the state, shall be assessed to the owners thereof in the cities or towns where such banks are located, and not elsewhere; in the assessment of all state, county and municipal taxes imposed and levied in such place, whether such owner is a resident of said city or town or not, all such shares shall be assessed at their full and fair value in money on the first day of April in each year, first deducting therefrom the proportionate part of the value of the real estate belonging to the bank, at the same rate, and no greater, than that at which other moneyed capital in the hands of citizens and subject to taxation, is by law assessed. And the persons or corporations who appear from the records of the banks to be owners of shares at the close of the business day next pre-

ceding the first day of April in each year shall be taken and deemed to be the owners thereof for the purposes of this section."

The construction placed upon this law by the appellant, if we understand it, is to the effect that, while the law requires that bank stocks which are subject to taxation shall be *assessed* in the city or town where the bank is located, it does not create or impose a *tax* on stock owned by non-residents. The law does not declare that all the shares of stock in bank shall be taxed, but that they shall be assessed, and an argument is based upon the theory that assessment does not necessarily mean taxation, and it is contended that the intention of the legislature to tax this property cannot be gathered from the act. But, while the argument advanced may be ingenious, it is not, to our mind, convincing or even plausible. We do not think the language, "All the shares of stock in banks," can be construed to mean all such shares as have their *situs* within the state, or all such shares as belong to residents of the state. This would be a strained and unnatural construction to place upon the language. Section 1 provides "that all real or personal property now existing, or that shall be hereafter created or brought into this state, shall be subject to assessment and taxation." We cannot understand how language more sweeping or comprehensive could have been used by the legislature. The shares in question evidently fall within the definition given of personal property by § 3 of the act, so that the legislative announcement is that the property in question shall be subject to assessment and taxation, and § 21 simply points out the mode or manner of securing the taxes provided for in § 1, and especially provides that this property shall be assessed in the city or town where such banks are located, whether such owner is a resident of such city or town or not. Following the fundamental rule of statutory construction, and

construing all the different sections of the act together, it plainly appears that when the legislature enacted § 21, providing for the assessment of the shares of non-resident stockholders, they had in mind their assessment with a view to their taxation; in fact, the section explains itself by using the words "in the assessment of all state, county and municipal taxes imposed and levied in such place." This section would be the merest jargon if it did not have for its ultimate object the collection of the taxes on the property assessed. And, if it is necessary to strengthen this view by reference to the further sections of the act, § 55 requires the assessor to make a list of all property assessed, while § 64 provides that for the purpose of raising a revenue for state, county, school, road and other purposes, the board shall levy a tax on all taxable property in the county as shown by the assessment roll. We think the law is not susceptible of the construction placed upon it by the appellant.

The judgment will be affirmed.

SCOTT, C. J., and ANDERS, GORDON and REAVIS, JJ., concur.