# JAMES C. CORRY *vs*. THE MAYOR AND CITY COUNCIL OF BALTIMORE ET AL.

*Taxation of Shares of Stock in Domestic Corporations Owned by Non-Residents.*

Code, Art. 81, secs. 141, *et seq.*, provides for the taxation of shares of stock in corporations created by this State and directs that when such shares are owned by non-residents, they shall be valued to the owners in the county or city in which the principal office of the corporation is situated. After the assessment of shares is made by the State Tax Commissioner, notice thereof is given to the officers of the corporation who may appeal therefrom. The corporation is required to pay the tax for the shareholders and is authorized to charge them with the amount thereof. Art. 15 of the Declaration of Rights declares that "every person in the State or person holding property therein ought to contribute his proportion of public taxes." Plaintiff, a non-resident shareholder in a Maryland corporation, filed a bill to restrain the collection of the tax imposed in respect of such shares alleging the invalidity of the assessment upon various grounds. *Held*,

1st. That such shares of stock are property situated in this State and are liable to taxation here although owned by a non-resident, the situs of the stock for taxation being fixed by statute at the principal office of the corporation.

2nd. That notice of the assessment given to the corporation itself was sufficient and a notice to each non-resident shareholder was unnecessary, because in the taxation of its shares the corporation is treated by the statute as representing the shareholders and the tax in question was therefore not invalid under the Fourteenth Amendment of the Federal Constitution as a taking of plaintiff's property without due process of law.

3rd. That the Act of 1898, ch. 123, sec. 6, relating to taxes in Baltimore City, has no application in this case since that provision relates to the taxation of residents.

Appeal from a decree of Circuit Court No. 2, of Baltimore City (DENNIS, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD and SCHMUCKER, JJ.

*Wm. P. Maulsby* and *William S. Bryan, Jr.*, for the appellant.

The Maryland tax laws require the levying of a personal tax on non-resident holders of stock in Maryland corporations. In view of the recent and emphatic declarations of this Court on this point, it is not considered necessary to argue the proposition. *U. S. Electric Power and Light Co.* v. *State*, 79 Md. 70, 71; *Crown Cork and Seal Co.* v. *State*, 87 Md. 696; *Monticello Distilling Co.'s case*, 90 Md. 425; *Hull* v. *Southern Development Co.*, 89 Md. 610; *Carstairs* v. *Cochran*, 95 Md. 488.

This attempt to lay a personal tax on non-resident owners of stock in Maryland corporations is unlawful. We maintain that while the State (except so far as she may be restrained by her own constitution or by valid contracts she may have made), may tax any property, tangible or intangible, within her borders, and may tax any resident on property owned by him wherever situated, she has no power or jurisdiction over persons beyond her borders. It is a maxim of jurisprudence that no statute shall have *proprio vigore* an extra territorial operation.

"A *personal tax* cannot be assessed against a non-resident, neither can the property of a non-resident be taxed unless it has an actual *situs* within the State so as to be under the protection of its laws." 2 *Thompson on Corporations*, sec. 2846; *Graham* v. *St. Joseph*, 67 Mich. 652. It was held in *Oliver* v. *Washington Mills*, 11 Allen, 268, (a case quoted with approval in *Patterson's case*, 50 Md. 367), that the Legislature has no power to pass a statute requiring domestic corporations to reserve and pay into the treasury of the commonwealth a certain portion of all dividends declared by them on the shares of non-resident holders. That the stock in a domestic corporation owned by non-residents is non-taxable, was held by the following, among many other authorities: *N. C. R. R.* v. *Commissioners*, 91 N. C. 454, 462; *State* v. *Thomas*, 26 New Jersey Law, 181; *State* v. *Ross*, 3 Zabriskie, 517; *State* v. *Branin*, 3 Zabriskie, 483, 506; *Union Bank* v. *State*, 9 Yerger, 500; *Whitesell* v. *Northampton*, 49 Pa. St. 526; *McKeen* v. *Northampton*, 49 Pa. St. 525; 8 *Am. & Eng. Ency. of Law*,

370; *Burroughs on Taxation*, sec. 43; 1 *Desty on Taxation*, 65; *Angell & Ames on Corporations*, sec. 438.

That a non-resident cannot be personally assessed with taxes was also held in *People* v. *Supervisors*, 11 N. Y. 563; *St. Paul* v. *Merritt*, 7 Minn. 258; 2 *Desty on Taxation*, p. 62 and *note.* Intangible property not growing out of real estate must be held to follow the person of the owner. *Johnson* v. *Oregon City*, 3 Oregon, 13; *Commonwealth* v. *Hays*, 8 B. Mon. 2. As illustrating the same rule, it has been held many times that resident holders of stock in foreign corporations and resident holders of foreign securities of all sorts may be taxed on the valuation of such foreign stocks and securities, irrespective of the consideration whether the foreign corporations have been taxed for or on account of these stocks or other securities at their domicile. *Dyer* v. *Osborne*, 11 R. I. 321; *McKeen* v. *Northampton*, 49 Pa. St. 519; *Dwight* v. *Boston*, 12 Allen, 316; *Great Barrington* v. *Berkshire*, 16 Pick. 572; *Patterson* v. *Appeal Tax Court*, 50 Md. 354; (affirmed 104 U. S. 592.)

In *Conwell* v. *Town of Connelsville*, 15 Ind. 150, it was held that the stock in a bank is the property of the stockholders and not of the bank. The bank could be taxed on its corporate property only, and the individual corporators for the stock held by them *in the counties where they respectively reside*. In *Bonaparte* v. *State*, 63 Md. 466, it was held that personal property of an intangible nature, not permanently located elsewhere, such as bonds and stocks, must be declared to remain within the jurisdiction of the Orphans' Court granting letters testamentary pending the settlement of the estate, and to be there liable to taxation. See *Griffith* v. *Lawrence*, 19 Kan. 23; *Worthington* v. *Sebastian*, 25 Ohio St. 9; *Liverpool, &c., Co.* v. *Assessors*, 16 L. R. A. 56.

It is the settled doctrine of the U. S. Supreme Court that a State has no power of taxation unless either the property against which a tax *in rem* is levied, or the person against whom a personal tax is assessed is within her jurisdiction. "No principle is better settled, than that the power of a State,

even its power of taxation, in respect to property, is limited to such as is within its jurisdiction." *Erie R. R.* v. *Penna.* 153 U. S. 646. "If such be the fact," (*i. e.*, that the Legislature has attempted to lay a tax on property beyond the jurisdiction of the State), said MR. JUSTICE FIELD in *Delaware Tax case*, 18 Wall. 229, "the tax to that extent is invalid."

As holding likewise that taxation by a State where there is no jurisdiction over person or property taxed would be *ultra vires* and void, see also *St. Louis* v. *Wiggins Ferry Co.*, 11 Wall. 423; *Tax on Foreign Held Bonds*, 15 Wall. 300.

In no case except that of the State taxes on National Bank stock, do any of the Federal Courts, so far as we are aware, uphold any tax against stock belonging to non-residents of the State. The taxes against National Bank stock requires only a word. The National Banking Act of 1864 made provision for taxation of the bank stock at the place where the bank was located. This being the Act of Congress under which the National Banks were incorporated, it was construed as being read into the charters of the banks. By subscribing for the stock, the shareholder agrees to be bound by the terms of this Act. This tax is not against the shareholder, but is a tax *in rem* against the stock itself. Section 5219, Rev. St. U. S., expressly provides "*that the shares* of any national banking association owned by non-residents of any State *shall be taxed* in the city or town where the bank is located and not elsewhere." When the stock is worthless by reason of the insolvency of the company (not when both the stock is worthless and the shareholder insolvent, as would be the case if the tax was against the shareholder), the tax cannot be collected from the bank or its receiver. *Stapylton* v. *Thaggard*, 91 Fed. Rep. 95, 96; *Bank* v. *Kentucky*, 9 Wall. 353; *Bank* v. *Chehalis Co.*, 166 U. S. 440.

The charter of the company could fix the *situs* of the stock, and, as to it, abrogate the common law rule that the *situs* of intangible property is the domicile of its owners. *Tappan* v. *Chicago*, 19 Wall. 490; *Delaware Tax case*, 18 Wall. 230; *Bank* v. *Smith*, 65 Illinois, 44; *Bradley* v. *Bander*, 36 Ohio St. 28, 36.

When the charter was accepted, a contract was made (subject to the reserve power to amend, alter or repeal the charter, contained in the Act of Incorporation), that the stockholders taking stock in the corporation should have the rights, privileges and immunities which a fair reading of the charter gave them, subject to an alteration of the charter by proper repeal or amendment. *Erie R. R.* v. *Pennsylvania*, 153 U. S. 647–8. There being no clause in the charters (as there is in National Bank Act), requiring the shares of stock of the corporation to have their *situs* for purposes of taxation in the jurisdiction where the home office of the corporation is located, the contract was, among other things, that the shares of stock should take its *situs* from the domicile of its owners. The right could only be changed or abrogated by an amendment or modification of the charter. MR. JUSTCE FIELD, in *The Delaware Tax case*, 18 Wall. 23, shows that it is only when provision is made in the charter of a corporation for taxing the stock held by non-resident stockholders at the home office of the company that such taxation is valid. The present Maryland tax law cannot be fairly considered as an amendment or alteration of the charter of the steamboat company, because it was never *intended* to be an amendment to this charter.

Of course, when personal property is permanently located in any place, it can be taxed there, and in *Jack* v. *Walker*, 88 Fed. Rep. 576, it was decided by the Circuit Court of Appeals, applying this rule, that money and credits belonging to a non-resident could be considered as permanently located within a State for purposes of taxation when the same are invested and controlled by a resident agent who has power to reinvest, or at his discretion, change the form of the investment. Earlier, in the same litigation, it had been decided (*Jack* v. *Walker*, 79 Fed. Rep. 138), that a moatgage follows the person of the owner, and is taxable only where he resides.

The Federal Courts, like those of the States, have decided that a State can tax the registered debt of another State, although this debt is exempt from taxation in the State issuing it, or has already been taxed in that State. *Patterson* v. *Appeal*

*Tax Court,* 104 U. S. 592; *Kirtland* v. *Hotchkiss,* 100 U. S.
491. In this latter case it was decided that it was constitu-
tional and lawful for a State to tax her resident citizens for
debts held by them against a non-resident evidenced by his
bonds, payment of which was secured by his deeds of trust or
mortgages upon real estate situate in another State.

It will probably be suggested by the learned counsel for the
city that the case of *Travelers' Ins. Co.* v. *Connecticut,* 185 U.
S. 364, in some unexplained way controverts the positions
above taken. It is submitted with deference that that case has
no bearing on the controversy at bar. In that case it was de-
cided that the Connecticut statute, which provided a different
method for taxing shares of stock held by non-residents from
that in force when taxing the shares of stock held by residents
was not in conflict with paragraph 1 of section 2 of Article 4
of the Federal Constitution, or with the Fourteenth Amend-
ment thereto. The Connecticut statute was a tax not against
the shareholder but against the stock.

The attempt to create a personal liability on the part of a
non-resident to pay a tax on his stock, and to coerce the pay-
ment of this tax out of his stock is a plain attempt to take his
property "without due process of law." It is in fact a mere
spoliation. *County of Santa Clara* v. *So. Pac. R. R.,* 18 Fed.
Rep. 385, 407 ; *Tax on Foreign Held Bonds,* 15 Wall. 300.

The tax is invalid and levied and assessed without due pro-
cess of law, and therefore in conflict with the Fourteenth
Amendment to the Constitution. There is nowhere in the as-
sessment law any *notice* given *to the stockholders* who pay the
tax of the valuation and assessment placed upon their shares,
nor any opportunity afforded *to these stockholders* to be heard
on appeal or in any way to contest the propriety or validity of
the assessment. The State Tax Commissioner, under section
144 of Article 81 of the Code, makes the valuation at such
time as suits his convenience, and is required merely to notify
the president, cashier or other proper officer of the corpora-
tion by transmitting to them an account of the taxes due from
such corporation under such valuation and assessment by mail

under cover fairly directed to the president or other officer. The statute then provides for an appeal *by the corporation* within thirty days after such notification, but makes no provision whatever for any appeal or hearing at the instance of the stockholders whom we have seen are the only persons interested in the question, the tax being upon them and not upon the corporation.

In the .assessment of taxes, it is not necessary that there should be the formal personal notice which would be requisite to confer jurisdiction on a Court of justice to render a personal judgment against the litigant. It is necessary, that in some way the person affected by the assessment and levy should have a reasonable opportunity of discovering by ordinary diligence when the valuation and assessment will be made, and should also have an opportunity to be heard upon its propriety and fairness. No assessment of taxes which does not afford this notice and opportunity of hearing can be said to be a taking of property by " due process of law." *Railway* v. *Backus*, 154 U. S. 421; *Land Co.* v. *Minnesota*, 159 U. S. 526, 537; *Merchants and Manufacturers Bank* v. *Penusylvania*, 167 U. S. 461; *Palmer* v. *McMahon*, 133 U. S. 660, 669; *Welty. on Tax Assessments*, secs. 3, 4; *Cooley on Taxation*, 363; *Railroad Tax cases*, 13 Fed. Rep. 752.

The corporation having the right to appeal and be heard on the valuation of the stock is not equivalent to giving that right to the stockholders. The corporation is not an agent or trustee for the stockholders. In *Smith* v. *Heind*, 12 Met. 371., the Court said : " There is no immediate legal privity, relation or immediate connection between the holders of shares of stock in a bank in their individual capacity on the one side, and the directors of the bank on the other. The directors are not the bailors, the factors, agents or trustees of such individual stockholders. " As to necessity for notice of assessments, see also *Bellingham Bay Co.* v. *New Whatcom*, 172 U. S. 314, 319; *Ulman* v. *Baltimore*, 72 Md. 587; 1 *Desty on Taxation*, 597, 598; *County Com. Allegany Co.* v. *Union Mining Co.*, 61 Md. 545, 554.

The tax being beyond the power of the State to levy for the reasons above given, is an absolute *nullity*, and, therefore, its collection can be enjoined. *Allegany Co.* v. *Mining Co.*, 61 Md. 545; *Bouldin* v. *Baltimore*, 15 Md. 18; *Ogden City* v. *Armstrong*, 168 U. S. 224.

Tax laws were unsuccessfully attacked by bill in equity on the ground that they were unconstitutional, and therefore, nullifies, in the following cases : *Delaware Tax case*, 18 Wall. 206; *Adams Express Co.* v. *Ohio State Auditor*, 165 U. S. 194; *Savings Society* v. *Multnomah Co.*, 169 U. S. 421.

In no one of the cases is it suggested that there was any mistake in the remedy selected to bring the question before the Court for decision.   There are many authorities which hold that in those jurisdictions where a tax can be paid under protest and recovered back, if the tax is invalid, by suit at law, a preliminary injunction will not be granted because the payment under protest and the suit to recover back constitute an adequate remedy at law.   *Pittsburg, etc., R. R.* v. *Board of Public Works*, 172 U. S. 32.   It is not necessary here to enquire if that doctrine would apply in a case where the tax is an absolute nullity as being contrary to the Constitution and therefore void.   (If this enquiry were pertinent in this controversy, the case of *Ogden City* v. *Armstrong*, 168 U. S. 224, would go far towards settling the controversy in favor of the right to maintain the injunction.)   The reason that it is. not necessary to consider this question here is that it is settled in Maryland, that a tax cannot be paid here under protest and then recovered back.   The supposed adequate remedy at law, therefore, does not exist in this State.   *Baltimore* v. *Lefferman*, 4 Gill, 431; *Lester* v. *Baltimore*, 29 Md. 418; *George's Creek Co.* v. *Allegany Co.*, 59 Md. 260; *Baltimore* v. *Hussey*, 67 Md. 116.

*Olin Bryan* (with whom was *Wm. Pinkney Whyte* on the brief ), for the appellee.

The stock held by the plaintiff is property, and it is property situated in Baltimore City.   *Monticello Distilling Co.* v.

*Baltimore City*, 90 Md. 416; *Am. Coal Co.* v. *Allegany County*, 59 Md. 185; *Balto. City* v. *Pass. Ry. Co.*, 57 Md. 31; *Crown Cork and Seal Co.* v. *State*, 87 Md. 697.

Now, if the shares of stock are property, and if, under existing laws, are taxable property, can it be contended that, because the owner of these shares is a non-resident of the State, the shares of stock, which are property in the State, are to be relieved from bearing their share of taxation? Would not such a contention be directly in conflict with the express provisions of the 15th Article of the Declaration of Rights, requiring every person holding property in the State to contribute his proportion of taxes for the support of government? *American Casualty Insurance Company's case*, 82 Md. 563.

By sec. 144 of Art. 81 of the Code, special provision is made for the State Tax Commissioner to certify his valuation to the Comptroller of the Treasury, who shall at once proceed to notify the president, cashier or other proper officer of such banks or other corporations of the assessment and valuation of the shares of stock, and opportunity is furnished by said section for an appeal to be taken within thirty days from the finding of the State Tax Commissioner. This gives notice of the assessment to the corporation itself, and the corporation is the agent of the stockholder, and it cannot, therefore, be successfully contended that the stockholder was denied opportunity to have his day in Court, after notice had been received in conformity with law by his legal agent.

Non-resident shareholders are not exempt from taxation in this State upon their shares of stock. *Ins. Co.* v. *Conn.*, 185 U. S. 364; *New Orleans* v. *Stempel*, 175 U. S. 309; *Savings Socy.* v. *Multnomah Co.*, 169 U. S. 421; *Nevada Bank* v. *Sedgwick*, 104 U. S. 111; *Kirkland* v. *Hotchkiss*, 100 U. S. 491; *Bristol* v. *Washington Co.*, 177 U. S. 133.

BRISCOE, J., delivered the opinion of the Court.

James C. Corry, a resident of the State of Pennsylvania and a non-resident of the State of Maryland, filed a bill in Circuit

Court No. 2, of Baltimore City, on behalf of himself and other non-resident stockholders of the New York and Baltimore Transportation Line, a corporation of the State of Maryland, against the Mayor and City Council of Baltimore, James P. Gorter, Collector, Murray Vandiver, Treasurer of the State of Maryland, and the New York and Baltimore Transportation Line, to restrain and enjoin the defendants from collecting certain State and municipal taxes for the year 1899, on one hundred and fifty shares of the capital stock of the transportation company, of the par value of twenty dollars per share.

The defendants answered the bill, but subsequently these answers were withdrawn and by an agreement demurrers were considered as filed by the defendants. And from a decree of the Circuit Court of Baltimore City, of the 24th of June, 1902, sustaining the demurrers and dismissing the plaintiff's bill, this appeal has been taken.

The principal and important question presented by the case is whether the method of taxation provided by the statutes of Maryland of stocks in Maryland corporations held by non-residents of the State is valid and constitutional. The provisions of the several statutes of the State, relating to the tax will be found in secs. 2, 4, 141 and 144 of the 81st Art. of the Code of Public General Laws, and in the Supplement of the Code of 1900.

These statutes distinctly provide that the shares of capital stock of all corporations, whether owned by residents or non-residents, shall be liable to assessment and taxation, and by sec. 131 of the Code the stock held by non-resident stockholders in steamboat or other companies, &c., is situate for the purpose of taxation at the place where its principal office for the transaction of business is located, that is in this case in the city of Baltimore.

The mode, method and manner of the assessment, valuation and taxation, as applicable to stock held by non-resident shareholders is clearly and fully provided and directed by the several statutes, and it is admitted that the taxes in this case were imposed according to the provisions of the statutes.

The appellant urges four grounds why the tax laws of the State, here in dispute are not constitutional and valid :

(1) Because the tax is a personal one, and it is beyond the powers and jurisdiction of the State to levy a personal tax against a non-resident of the State.

(2) To enforce the collection " is taking property without due process of law," or color of right and in contravention of the Constitution of the United States.

(3) That no provision is made by the statutes for a hearing or opportunity to be heard, by the non-residents of the State.

(4) That the levy of the city tax upon stock held by non-residents in corporations in Baltimore city is exempt by the new charter (Act of 1898, ch. 123).

Some of the questions raised on this appeal can hardly, at this date, be regarded as *res nova* in this Court. Similar statutes have been acted from time to time by the General Assembly of the State imposing a tax upon corporate stock in Maryland corporations held by non-residents and in one form or another have been brought to this Court for construction. The principle of this legislation has been upheld and recognized by this Court in all the cases, except where the statute was plainly in contravention of the State or Federal constitutions. Whatever may be the adjudications in other States, it is quite certain that in the construction of this statute we are to be controlled by the decisions of our own Court, in so far as they are applicable to the case.

It is distinctly declared by the 15th Article of the Bill of Rights, that "every person in the State or person *holding property therein*, ought to contribute his proportion of public taxes for the support of the government, according to his actual worth in real or personal property."

In the case of the *Mayor and City Council of Baltimore* v. *Baltimore City Passenger Railway Company*, 57 Md. 31, it is said, that express provision is made by the Act for valuing the stock owned by non-residents at the place where the company has its principal office for the transaction of business, that the shares of stock held by non-residents are liable to taxation,

and that for the purposes of taxation, such shares are situate in the city of Baltimore, where the appellee has its principal office.

The provisions of the statute under discussion clearly fixes the *situs* of stock held by non-residents for taxation at the place of the principal office of business of the corporation within the State, and the shares of stock being taxable property under the statute, the State and municipality of Baltimore under the conceded facts of this case, clearly had jurisdiction to impose a tax upon the property situate here, and to collect taxes thereon, notwithstanding the fact the appellant was a non-resident of the State.

It would answer no good purpose, to discuss at length the question of the constitutionality of this tax in the light of the many and recent adjudications of this Court upon the subject, but we need only refer to the following cases, which sustain the conclusions we have reached. *American Coal Co.* v. *County Commissioners of Allegany County*, 59 Md. 185; *United States Electric Light and Power Co.* v. *State*, 79 Md. 70; *Crown Cork and Seal Co.* v. *State*, 87 Md. 696; *The American Casualty Insurance Co.'s case*, 82 Md. 563; *Bonaparte* v. *State*, 63 Md. 456; *Baldwin* v. *Washington County*, 85 Md. 155, and *Kinehart* v. *Howard*, 90 Md. 1.

The second and third objections urged by the appellant are, that sec. 144 of Art. 81 of the Code fails to provide a notice to the shareholder of the assessment and valuation of this property and he was therefore without an apportunity to be heard as to the value of the shares, and to enforce the collection would be " taking property without due process of law."

This section of the Code was under consideration in the recent case of *James Clark Distilling Co.* v. *Mayor, &c., of Cumberland*, 95 Md. 468, and we distinctly said : " That a notice to each shareholder is unnecessary, because the corporation represents the shareholder. If the valuation is not satisfactory, an appeal may be taken by the corporation for the shareholder, an opportunity is thus afforded for the shareholders to be heard through the corporation and that gratifies all the requirements of the law."

It will be also seen that secs. 141 and 144 of Art. 81 of the Code do not contemplate a personal notice to the property holder, but a compliance with the requirements of the statute is a sufficient notice to the non-resident property holder of the assessment and valuation of the property. We find nothing in the cases of *Gittings* v. *Mayor, &c.*, 95 Md. 419; *Ulman* v. *Baltimore*, 72 Md. 587; *County Commissioners Allegany Co.* v. *Union Mining Co.*, 61 Md. 545, relied upon by the appellant, in conflict with this construction of the statute.

The appellant's fourth contention is that the shares of stock held by him, are exempt from city taxes by reason of the provision of the city charter (Acts of 1898, ch. 123), which provides: That no stocks, bonds, mortgages, certificates or other evidences of indebtedness of any bank, or other corporation situate within the limits of the city, which are owned or held by persons, residing without said limits shall be subject to taxation for the purpose above set forth. Sec. 6, sub-section Taxes, City Charter (Acts of 1898, ch. 123).

This section of the charter has no reference to stocks, bonds, &c., owned and held by non-residents of the State. It applies to persons living within the State, but without the limits of Baltimore City, that is, to stocks, bonds, &c., held by persons residing within the counties and cities of the State. It therefore has no application to this case.

We have examined the Federal decisions bearing upon the questions raised on this appeal and find them in harmony with the views we have expressed. We cite the following cases in support of the conclusion reached by us in this case: *New Orleans* v. *Stempel*, 175 U. S. 309; *Savings and Loan Society* v. *Multnomah County*, 169 U. S. 421; *McCulloch* v. *Maryland*, 4 Wheaton, 316; *Coe* v. *Errol*, 116 U. S. 517; *Pullman Car Co.* v. *Pa.*, 141 U. S. 18; *Nevada Bank* v. *Sedgwick*, 104 U. S. 111; *Kirtland* v. *Hotchkiss*, 100 U. S. 491; *Bristol* v. *Washington Co.*, 177 U. S. 139.

We hold, therefore, that the shares of stock held and owned by the appellant, a non-resident of the State, in a Maryland corporation, are liable to taxation, under the statutes of this

State, and that the tax is not in violation of either the State or Federal Constitution.

For these reasons the decree of the Circuit Court No. 2, of Baltimore City, will be affirmed with costs.

*Decree affirmed with costs.*

(Decided January 16th, 1903.)