JOSHUA PALMER, APPELLANT, V. ALEXANDER McFARLANE, APPELLEE.

FILED APRIL 18, 1907. No. 14,773.

1. **Appeal: PRESUMPTIONS.** Where a cause is tried to the court without a jury, it will be presumed that the court considered only competent evidence.

2. ———: **HARMLESS ERROR.** In such case, where there is sufficient competent evidence to sustain the finding, the fact that incompetent evidence was received will not constitute reversible error.

3. **Evidence: SUFFICIENCY.** In this case, the competent evidence adduced is *held* amply sufficient to sustain the finding of the trial court.

APPEAL from the district court for Saline county: LESLIE G. HURD, JUDGE. *Affirmed.*

*F. I. Foss, R. D. Brown* and *Joshua Palmer,* for appellant.

*Roe & Maggi, A. S. Sands* and *S. J. Coonradt, contra.*

ALBERT, C.

As a defense to an action by the indorsee against one of the makers of a promissory note, the defendant charged, in effect, that the note was given for a horse sold and delivered by the payee to the defendant's comaker, that the horse had been stolen, was not the property of the payee, and after the execution and delivery of the note had been claimed and taken from the possession of the purchaser by the real owner, and consequently that the note was without consideration and illegal in its inception. The reply is a general denial. A trial to the court resulted in a general finding and judgment for the defendant. The plaintiff appeals.

The principal question presented by the appeal is whether there is sufficient competent evidence to sustain the finding of the trial court. It conclusively appears that on the 5th day of April, 1902, one calling himself C. W. Mitchell, the payee of the note, was in the city of Friend with seven horses, claiming to have shipped them from Bird, Kansas. He offered the horses for sale at public auction. Previous to the opening of the sale, he had arranged with the local bank to pass upon and discount the notes taken at the sale. It is a fair inference from the evidence that he had also arranged that such notes should be made out and executed at the bank, and left there for him pending the sale. The defendant's comaker bought one of the horses and went to the bank, where the note in suit for the price of the horse was made out. He signed the note, procured the signature of the defendant thereto as surety, left it with the bank and took possession of the horse he had bought. A short time afterwards, and before the close of the sale, a constable of the city received a telegram from Bird, Kansas, as follows:

"Stop sale of seven head of horses shipped there last week and hold party. Horses are stolen. Will be there tomorrow. (Signed) Jas. A. Burnett." As a result of this telegram, the sale was stopped, leaving five of the seven horses unsold. Within a short time after the receipt of this telegram it was shown to the plaintiff, who is an attorney at law, and was consulted by Mitchell and remained in consultation with him until late in the evening of that day. The constable, having taken advice, declined to arrest Mitchell on the telegram, but wired the sender thereof for authority from some officer to make the arrest. The authority was not forthcoming, and late in the evening the plaintiff and Mitchell called on one of the officers of the bank, which had refused to discount the paper, and made a demand for the note, which was surrendered to them. They then called on the defendant, who showed a disposition to discount the note himself. According to the plaintiff's own evidence, he requested a third party to advise the defendant against discounting the note, in view of the circumstances under which it was taken, and the defendant refused to take it up. The note was then indorsed and transferred to the plaintiff. On the following day a party claiming to be the owner of the horse arrived at Friend from Kansas, and subsequently recovered possession of the horse in a replevin suit instituted against the purchaser from Mitchell. His testimony was taken at the trial in this suit, and shows that the horse had been stolen from him. Mitchell was afterwards arrested but broke jail and escaped. On this state of the record it is hardly necessary to add that the evidence is amply sufficient to sustain a finding that the plaintiff is not a *bona fide* holder. That the horse was stolen is conclusively established. Before taking the note the plaintiff was put in possession of facts which, to say the least, would have put a man of ordinary prudence upon inquiry. That he considered the note of doubtful validity is shown by the fact that he advised the defendant himself against discounting it.

It is urged, however, that the defendant is estopped to interpose that defense, because the note was delivered to the payee by the bank after facts sufficient to put all parties upon inquiry had become known. There are two answers to this: The first is that no estoppel is pleaded; the second is that it is a fair inference from the evidence that the bank acted, not as an agent of the makers of the note, but as the agent of the payee. Hence, the delivery of the note to the bank, which was before the makers had been apprised of any fact charging them with notice that the horse had been stolen, was a delivery to the payee. The delivery of the note, therefore, dates from its delivery to the bank, and not from its delivery by the bank to the payee.

Several assignments are based on the reception of what is claimed to have been incompetent evidence. The case was tried to the court without a jury. It will be presumed that the court considered only competent evidence. *Chicago, B. & Q. R. Co. v. First Nat. Bank*, 58 Neb. 548, 59 Neb. 348; *Schmelling v. State*, 57 Neb. 562. As there is an abundance of competent evidence to sustain the finding of the trial court, the admission of incompetent evidence, if any such was received, is not reversible error.

It is recommended that the judgment be affirmed.

DUFFIE and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.