(No. 6080.   March 24, 1934.)

INTERMOUNTAIN AGRICULTURAL CREDIT ASSO-
CIATION, a Corporation, Appellant, v. PAYETTE
COUNTY and O. E. BOSSEN, Assessor of Said
County, Respondents.

[31 Pac. (2d) 267.]

Freehafer & McClure, for Appellant.

Bert H. Miller, Attorney General for the State of Idaho, and John T. Kenward, Prosecuting Attorney for Payette County, for Respondents.

GIVENS, J.—On the second Monday in January, 1931, the appellant had outstanding 1132 shares of common stock and 83 shares of preferred stock owned by residents of Payette county, Idaho; 717 shares of common stock and 209 shares of preferred stock owned by residents of Idaho outside of Payette county; and, 32 shares of common stock and 124 shares of preferred stock owned by nonresidents of Idaho. On that day under sections 61–1401 to 61–1507, I. C. A., the assessor of Payette county assessed all of the shares of stock as in Payette county.

The trial court sustained the assessment of shares of stock owned within the state, but not of the shares owned outside of the state. The county and the assessor appealed from the latter portion of the judgment. The association appealed from the former portion of the judgment, first, on the ground that it was not a resident of Payette county.

Section 61–1401, I. C. A., provides:

"The shares of capital stock of any bank, . . . . or of any building and loan association, trust company or surety and fidelity company organized under the laws of this state and doing business within this state, shall be assessed for taxation where such bank, company, association or other corporation is located and not elsewhere, as in the same manner and upon the same basis of actual value, and uniformly with all other property assessed in the county in which such shares of capital stock are assessed, . . . . "

Appellant's principal place of business is at Payette, while it has some subsidiary offices in other towns where payments are received all records are kept at Payette. No office was ever maintained at Boise. Under these circumstances within

the evident intent and meaning of the statute, and for taxation purposes, the corporation is located at Payette.

"A share of bank stock may be in itself intangible, but it represents that which is tangible. It represents money or property invested in the capital stock of the Bank. That capital is employed in business by the bank, and the business is very likely carried on at a place other than the residence of some of the shareholders. The shareholder is protected in his person by the government at the place where he resides; but his property in this stock is protected at the place where the bank transacts its business. . . . .

"We have not felt called upon to consider whether the General Assembly could, under the provisions of the Act of Congress, provide for the taxation of the shareholders at any other place within the state than that in which the bank is located. It is sufficient for the purposes of this case that it might tax them there." (*Tappan v. Merchants' Nat. Bank,* 19 Wall. 490, 22 L. ed. 189. To the same effect see: *Portsmouth Tp. v. Cranage S. S. Co.;* 148 Mich. 230, 111 N. W. 794, 118 Am. St. 578; *Detroit Transp. Co. v. Board of Assessors of City of Detroit,* 91 Mich. 382, 51 N. W. 978; *Home Fire Ins. Co. v. Benton,* 106 Ark. 552, 153 S. W. 830; *Inter-Southern Life Ins. Co. v. Milliken,* 149 Ky. 516, 149 S. W. 875, L. R. A. 1917A, 460; *Woodsum Steamboat Co. v. Town of Sunapee,* 74 N. H. 495, 69 Atl. 577; *Georgia Fire Ins. Co. v. City of Cedartown,* 134 Ga. 87, 67 S. E. 410, 19 Ann. Cas. 954.)

██ ██ Appellant's second point is that the corporation is not in competition with banks; true the corporation loans only to "dairymen who were and are members of co-operative creameries . . . . " (designated) but, in other respects loans on chattel mortgages the same as banks.

Under similar circumstances the courts have held that the carrying on of such a business as appellant does here is the carrying on of a business in competition with banks.

"The restriction applies as well where the competition exists only with respect to particular features of the business of national banks or where moneyed capital 'is employed substantially as in the loan and investment features of

banking, in making investments by way of loan, discount or otherwise, in notes, bonds or other securities, with a view to sale or repayment and reinvestment.' *First Nat. Bank v. Anderson*, 269 U. S. 348, 46 Sup. Ct. 135, 70 L. ed. 303.'' (*First Nat. Bank v. Hartford*, 273 U. S. 548, 47 Sup. Ct. 462, 71 L. ed. 767, 59 A. L. R. 1.)

Building and loan associations are expressly exempted by statute, appellants are not. Exemptions are to be strictly construed against the taxpayer and in favor of the taxing power. (*Salisbury v. Lane*, 7 Ida. 370, 63 Pac. 383; *Kootenai County v. Seven-Seven Co.*, 32 Ida. 301, 182 Pac. 529; *Bistline v. Bassett*, 47 Ida. 66, 272 Pac. 696, 62 A. L. R. 323.)

■ Appellant's third point is that the assessor of Payette county may not assess shares of stock of those living and holding their stock outside of Payette county, either within or without Idaho. This phase of the matter is closely akin to the assessment of stock in national banks, the statutory provisions being almost identical, and apparently without deviation the federal and state decisions uphold such taxation on the theory that the situs is where the corporation is located.

"Shares of stock in national banks are personal property. They are made so in express terms by the Act of Congress under which such banks are organized. 13 Stat. at L., 102, sec. 12. They are a species of personal property which is, in one sense, intangible and incorporeal, but the law which creates them may separate them from the person of their owner for the purposes of taxation, and give them a *situs* of their own.'' (*Tappan v. Merchants' National Bank, supra*. See also: *Corry v. Baltimore*, 96 Md. 310, 53 Atl. 942, 103 Am. St. 364; Id., 196 U. S. 466, 25 Sup. Ct. 297, 49 L. ed. 556; *State v. Travelers' Ins. Co.*, 70 Conn. 590, 40 Atl. 465, 66 Am. St. 138; *Danville Banking & Trust Co. v. Parks*, 88 Ill. 170; *Town of St. Albans v. National Car Co.*, 57 Vt. 68; *Scandinavian-American Bank v. Pierce County*, 20 Wash. 155, 55 Pac. 40; *Faxton v. McCosh*, 12 Iowa, 527; *State v. First Nat. Bank of Aurora*, 103 Neb: 280, 171 N. W. 912; *State v. Security Nat. Bank of Minneapolis*, 139 Minn. 162, 165 N. W. 1067; *McKennon v. McFall*, 127 Tenn.

393, 155 S. W. 158; *Town of London v. Hope,* (Ky.) 80 S. W. 817, 26 Ky. Law Rep. 112; *Union Bank v. City of Richmond,* 94 Va. 316, 26 S. E. 821; *Stockholders of Bank of Abingdon v. Board of Supervisors,* 88 Va. 293, 13 S. E. 407; *Rogers v. Hennepin County,* 240 U. S. 184, 36 Sup. Ct. 265, 60 L. ed. 594; *Koochiching Co. v. Mitchell,* 186 Iowa, 1216, 173 N. W. 151; 61 C. J. 539, note 85; Cooley on Taxation, sec. 462, n. 57; 26 R. C. L., p. 267, n. 14.)

These authorities support the taxation not only of shares of stock owned within the taxing state but without.

The judgment is therefore ordered modified in accordance with the above holding authorizing the taxation of all shares of stock irrespective of the residence of their owners; costs awarded to respondents.

Holden and Wernette, JJ., and Winstead, D. J., concur.