# Richmond.

## BURROWS v. SMITH, TREASURER.

### MARCH 17, 1898.

#### Absent, Cardwell, J.

1. TAXATION—*Bank Stock—Deducting Liabilities.*—A debtor who owns national bank stock is not entitled, under Acts 1889-'90, p. 197, to have his indebtedness deducted from the value of such stock before it is assessed for taxation. Bank stock is not an evidence of debt within the meaning of the Act. Nor is the Act in conflict with sec. 5219 of the Revised Statutes of the United States.

Appeal from a decree of the Circuit Court of Culpeper county, pronounced November 9, 1895, in a suit in chancery wherein the appellant was the complainant, and the appellee was the defendant.

*Affirmed.*

This was a bill in chancery filed by the appellant to enjoin the collection of the tax on one share of stock in a national bank, on the ground that the appellant owed more than was due to him by other persons, including said bank stock. The facts stated in the bill were admitted. On the hearing, the preliminary injunction which had been granted was dissolved, and the bill of the complainant dismissed.

*Rixey & Barbour*, for the appellant.

*J. L. Jeffries* and *T. C. Gordon*, for the appellee.

HARRISON, J., delivered the opinion of the court.

The question presented by this record is whether or not, under the Act of 1889-'90, p. 197, providing for the assessment of taxes, a debtor, who owns national bank stock, is entitled to have his indebtedness deducted from the value of such stock before it is assessed for taxation.

It is clear that no such right exists.    The first subdivision of section eight of the Act provides that each person shall exhibit to the commissioner a statement in the aggregate of all *bonds, notes, and other evidences of debt* due such person in excess of one hundred dollars, and that there shall be deducted from the aggregate amount thereof all such bonds, demands, or claims not otherwise   deducted, owing to others from such person as principal debtor.    Bank stock is property, to be assessed at its value like all other property, and is not, as contended, an evidence of debt due to the owner within the meaning or contemplation of the assessment law.

It is contended that the Act is in conflict with sec. 5219 of the Revised Statutes of the United States, which prohibits any State from assessing for taxation the shares of stock in a national bank at a greater rate than is assessed upon other moneyed capital.

The object of sec. 5219 of the Revised Statutes was to prevent the States from discriminating against national banks in the matter of taxation.    The assessment law, Acts 1889-'90, p. 197, does not, and was not intended to, discriminate against national banks.    Under the Act, tax-payers cannot deduct their indebtedness from the value of their investments in any kind of stock, banking or otherwise; that privilege is confined by the terms of the Act to bonds, notes, and other evidences of debt, the object being to prevent double taxation.

For these reasons the decree of the Cicuit Court must be affirmed.

*Affirmed.*