Syllabus.

## Wytheville.

### WEST v. CITY OF NEWPORT NEWS.

June 15. 1905.

Absent, Cardwell, J.

1. BANKS—*Capital Stock.*—"Capital" and "Capital Stock" of a bank, while sometimes used interchangeably, are not one and the same thing. "Capital" includes the entire assets of the bank whether represented by money paid in for stock, surplus, undivided profits or other property of the bank while "capital stock" represents only the total amount derived from the issuance of the shares of stock.

2. BANKS—*Taxation—Capital Stock.*—All legislative acts are presumed to be lawful, and are to be so construed unless the contrary plainly appears; and as the capital of banks is exempt from taxation, a city ordinance imposing a tax on the "capital stock" of banks will be construed to refer to the totality of shares of the individual stockholders which the city has the right to tax.

3. BANKS—*Taxation—Shares of Stock—Municipal Ordinances.*—A city ordinance imposing a tax on "all personal property of every description, including the capital stock of banks," is broad enough to cover a tax levied on shares of stock of a bank in the hands of a stockholder even if the use of the words "capital stock" showed an intention to tax the capital of banks. The added words "including the capital stock of banks" give no further meaning or force to the comprehensive words which precede them.

4. BANKS—*Taxation by Cities—Shares of Stock—Valuation.*—Bank stock being assessed for taxation by the State, and cities being compelled by statute to follow that assessment, a city ordinance imposing a tax of so much on the assessed value of the "capital stock" of banks located in the city is a sufficient compliance with the statute requiring bank stock to be assessed at its market value. The term "assessed value" has reference to the assessed value for State taxation, which the city has to follow. When the State has assessed the value of bank stock for the purpose of taxation and no objection is made to that assessment, none can be made to a city ordinance which adopts it.

Error to a judgment of the Corporation Court of the city of Newport News on a motion to correct an erroneous assessment of bank stock for taxation. Judgment for defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Bickford & Stuart* and *A. C. Garrett,* for the plaintiff in error.

*J. A. Massie,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This motion was made by the plaintiff in error under section 571 of the Code for the correction of an alleged erroneous assessment of taxes, whereby he was charged by the defendant in error with $148.50, city taxes for the fiscal year 1903-'4 on four hundred shares of the stock of the Citizens and Marine Bank of Newport News, of the assessed value, for the purpose of State taxation, of $16,500; upon consideration whereof the lower court held that the taxes complained of were legally assessed and levied, and dismissed the application for relief therefrom.

The plaintiff in error claims to be aggrieved by this action of the lower court in the following particulars: Because (1) the ordinance of the city of Newport News, approved June 17, 1903, imposing taxes on personal property, attempted to impose a tax on the capital stock of the banks of said city instead of laying such tax upon the shares of stock of the individual stockholders, and that such an ordinance is invalid, and, being invalid, no legal tax was thereby assessed or levied either upon the shares of a stockholder or the capital stock of the bank. (2)

That even if a legal tax was imposed by the ordinance, the city authorities did not follow· the mode of assessment and manner of collection prescribed by statute for the collection of State taxes upon shares of stock. (3) Because section 86 of the city charter, under which it is alleged the shares were assessed, if a tax was imposed on them, is unconstitutional and void. (4) That the ordinance imposing the tax is unconstitutional and void.

The ordinance in question, which was approved June 17, 1903, is as follows:

*"Be it ordained by the Common Council of the city of New-port News, that for the fiscal year beginning on the first day of February, 1903, the taxes on lands and lots and the improvements thereon, persons, incomes, and other property for the payment of the interest on the city debt, and to meet the appropriations for the fiscal year of 1903 and 1904, beginning July 1, 1903, shall be as follows: Upon all lands, lots and improvements thereon, wharves and upon all personal property of every description, including the capital stock of banks located in this city, except such real and personal property as is exempted from taxation by the laws of the State of Virginia, or any ordinance of this city, ninety cents on every hundred dollars of the assessed value thereof."*

The facts certified show that, by virtue of the authority vested in him by this ordinance and the general law, the commissioner of the revenue assessed the value of the shares of stock of the plaintiff in error along with the value of the shares of stock of the other stockholders in the Citizens and Marine Bank, and levied a tax against each of such stockholders in favor of the city of Newport News, following the mode of assessment and the manner of collection prescribed for the assessment of State taxes upon such shares of stock, under the statute authorizing a tax upon the shares of stock in banks, for State purposes; that the

assessment list used by the commissioner was a *fac simile* of and in exact conformity with that used for the assessment and collection of taxes for State purposes, and contained an alphabetical list of all the stockholders of the Citizens and Marine Bank furnished for such purposes by the Auditor of Public Accounts, duly filled out by the cashier of the bank, and showing the number of shares of each stockholder. It is not pretended that the valuation upon which the shares of stock are taxed is erroneous, nor could such a contention be made as the fact is shown that the tax is levied upon the same assessment made for the purposes of State taxation, the correctness of which is not questioned.

If the valuation for State purposes is correct, it follows that the assessment is correct for city purposes, as the law provides that: "in cities and towns the assessment of real estate and personal property, for the purpose of municipal taxation, shall be the same as the assessment thereof for the purpose of State taxation, whenever there shall be a State assessment of such property." *Const. Va.,* section 128; *Va. Code* 1904, section 1033h.

This proceeding is not, therefore, a motion to correct an erroneous assessment of valuation, as usually understood, but it is to avoid the payment of taxes upon a correct assessment of valuation, upon the ground that the levy has not been legally made. That the city has the authority to levy a tax upon the State assessment of this bank stock cannot be questioned, as section 1040a of Va. Code 1904 gives it such power in express terms, the language of that section being in part as follows:

"(1) *Hereafter each county or city in which any bank, either national or State, is so located may, subject to the conditions mentioned below, tax all the shares of stock issued by any such bank so located within its limits at the same rate as is assessed upon other moneyed capital in the hands of individuals residing*

*in such county or city.* (2) *That in so taxing said shares the said county or city authorities, respectively, shall follow the mode of assessment and manner of collection prescribed by statute for the collection of State taxes upon said shares.* . . . . . ."

The ordinance in question imposes a tax of ninety cents on every one hundred dollars of the assessed value of all personal property of every description, *"including the capital stock of banks located in this city."* The contention is that, by the use of the words "including the capital stock of banks located in this city," the council attempted to impose a tax on the capital of the banks instead of laying such tax upon the shares of stock of the individual stockholders.

The statute does not use the term "capital stock" in providing for the exemption mentioned, but employs the word "capital" alone. The language is, "No tax shall be assessed upon the *capital* of any bank," &c. *Acts* 1902-'3-'4, section 17, p. 163. "Capital" and "capital stock," while sometimes used interchangeably are not one and the same thing. "Capital" includes the entire assets of the bank, whether represented by the money paid in for the issuance of stock, surplus, undivided profits or other property of the bank, and may vary from time to time according to its profits or losses while "capital stock" is fixed and definite and represents only the total amount derived from the issuance of the shares of stock.

In the case of *Union Bank* v. *Richmond,* 94 Va. 316, 26 S. E. 821, it is said, that "the property or interest of a stockholder in an incorporated bank, commonly called a share, the shares in the aggregate totality being sometimes called the "capital stock" of the bank, is a different thing from the moneyed capital of the bank held and owned by the corporation. This capital may consist of cash, or of bills and notes discounted, or of real estate

combined with these. . . . In whatever it may be invested, it is owned by the bank as a corporate entity, and not by the stockholders. A tax upon this capital is a tax upon the bank." This is a different thing from taxing the shareholders or stockholders, upon the value of their stock. All legislative acts are presumed to be lawful, and are to be construed as such unless the contrary plainly appears. Since, then, the capital of banks is exempt from taxation, the term "capital stock" used in the ordinance clearly had reference to the totality of shares of the individual stockholders which the city had the right to tax. The purpose of the ordinance is made manifest by the fact that in its execution no attempt has ever been made to tax the capital of the several banks of the city, but the assessment and levy has been upon the individual stockholders.

If, however, it were conceded that the use of the words "capital stock" showed an intention to tax the capital of banks, the result would be the same, for we concur in the view taken by the lower court, that the words "all personal property of every description," are broad enough to levy a tax against all kinds of personal property whether tangible or intangible. That bank stock is personal property would seem to be settled by section 1173a, sub-section 7, Va. Code 1904, wherein it is declared to be personal property, and by section 5, sub-section 10, Va. Code 1904, which defines personal estate to include chattels, real and such other estate as, upon the death of the owner intestate, would devolve upon his personal representative.

This court has held that bank stock is property to be assessed like any other property. *Burrows* v. *Smith, Treas.,* 95 Va. 694, 29 S. E. 674; *Union Bank* v. *Richmond, supra.* As the words, "all personal property of every description," used in the ordinance are general terms, they include all kinds of personal property, whether tangible or intangible. Shares of bank stock

being personal property, and therefore embraced by the words, "all personal property," the added words "including bank stock" gave no further meaning or force to the ordinance than it had without them. Where words of a general description are used, they cover everything of that kind not expressly or by necessary implication excepted.

The contention that the city authorities did not follow the mode of assessment or manner of collection prescribed by statute for the collection of State taxes upon shares of bank stock is not sustained by the record. As already pointed out, the contrary appears from the facts certified.

It is argued that because the words, "assessed value," are used in the ordinance instead of the words "market value," that the council did not intend to levy a tax upon bank stock.

This view is, we think, without merit. There being an assessment of this stock for State purposes, the city followed, as it was obliged to do under the statute, the State assessment. The stock had already been assessed by the State at its market value, and no question is raised here as to the correctness of that valuation. The ordinance in using the term "assessed value" had reference to the assessed value for the purposes of State taxation, which the city had to follow, and was not intended to and did not in fact prejudice the right of the stockholder to have his stock assessed at its market value.

As to the contention that section 86 of the charter of Newport News is unconstitutional, it is sufficient to say, that the assessment complained of was not made under that section and, therefore, it has no application to the case at bar. Section 86 of the charter applies only where there is no State assessment. Here there is a State assessment and, as shown, section 128 of the Constitution and section 1033h of Va. Code 1904, provide that in cities and towns the assessment of real estate and personal

property for the purpose of municipal taxation, shall be the same as the assessment thereof for the purpose of State taxation, *whenever there shall be a State assessment of such property.*

Upon the whole case, we are of opinion that the ordinance in question is constitutional, that the assessment complained of has followed the law, and the tax sought to be avoided has been properly levied. The judgment of the lower court must, therefore, be affirmed.

*Affirmed.*